IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BAKARR BANGURA, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| STATE FARM RENTERS FIRE AND | : | |
| CASUALTY INSURANCE, | : | No. 13-1632 |
| Defendant. | : | |

## MEMORANDUM

Schiller, J.                                                                                                                      April 8, 2013

      Bakarr Bangura sued State Farm Fire & Casualty Company ("State Farm") in the Delaware County Court of Common Pleas. State Farm removed the case to this Court. Because Bangura's claim does not satisfy the jurisdictional amount, the Court will remand this action.

## I.     BACKGROUND

      On October 29, 2012, Bangura suffered damage to personal belongings in his apartment in Landsowne, Pennsylvania, due to a leak in his roof and a power outage during Hurricane Sandy. (Notice of Removal Ex. A [Compl.] at 1-2.) He had a renters insurance policy with State Farm at the time and submitted a claim for the damage. (*Id.*) He set forth a "discounted estimate" of $7051.57 in damage, which he itemized in a document attached to his Complaint. (*Id.* Ex. B [List of Damaged Items].) State Farm conducted an investigation and agreed to pay $175 for the damage attributable to the power outage in the apartment, but refused to pay for damage caused by the leaky roof because it found this damage was the fault of the apartment owners for failing to perform roof maintenance. (Compl. at 2.)

      Bangura's Complaint concludes with a paragraph in which he asks for $75,000 and

references "pain and suffering due to injury from accident that has caused a permanent disfigurement of [his] left wrist for the rest of [his] life." (*Id.* at 3.) The wrist injury is not otherwise referenced in Bangura's Complaint. (*See id.*) Bangura filed his Complaint in the Delaware County Court of Common Pleas on January 29, 2013. State Farm was served with the Complaint on March 6, 2013, and removed to this Court on March 28, 2013, citing the Court's diversity jurisdiction. (Notice of Removal ¶¶ 2, 9.)

**II.    DISCUSSION**

A district court has the authority to remand a case sua sponte for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995) ("[Section 1447(c)] allows and indeed compels a district court to address the question of jurisdiction, even if the parties do not raise the issue.").

State Farm has removed this case based on the Court's diversity jurisdiction under 28 U.S.C. § 1332, which gives district courts jurisdiction over actions between citizens of different states where the amount in controversy exceeds $75,000. The statute setting forth the amount-in-controversy requirement provides that damages must *exceed*—and not merely be—$75,000. 28 U.S.C. § 1332(a); *see Anthony v. Sec. Pac. Fin. Servs., Inc.*, 75 F.3d 311, 315 n.1 (7th Cir. 1996); *Oikarinen v. Alexian Bros.*, 342 F.2d 155, 155 (3d Cir. 1965). Moreover, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy," unless the Court finds by a preponderance of the evidence that the amount in controversy is met based on an amount asserted

in the notice of removal. 28 U.S.C. § 1446(c)(2).

Here, Plaintiff seeks damages in his Complaint "in the amount of Seventy-five thousand dollars," which plainly does not exceed $75,000. (Compl. at 3.) State Farm "concluded that the damages being claimed exceed $75,000" because it interprets Bangura's Complaint to seek $75,000 for his personal injury in addition to the $7051.57 in property damage. (Notice of Removal ¶¶ 2, 3, 8.) However, Bangura's Complaint concludes with what appears to be a comprehensive request for damages in the amount of $75,000. Even scouring the Complaint for clues turns up nothing to suggest that damages in this case will exceed $75,000. Plaintiff alleged property damage of less than $8000; although he makes a stray reference to a wrist injury for which he seeks damages, he states no facts to explain how his wrist injury occurred or why it is covered by his State Farm renters insurance policy. Therefore, the Court does not adopt State Farm's valuation of the case and finds that the amount pleaded in the Complaint is $75,000. As a result, the amount in controversy is not met, and the Court lacks subject matter jurisdiction over this case.

### III.    CONCLUSION

Because the Court has determined that it lacks subject matter jurisdiction, the case must be remanded to state court. An Order consistent with this Memorandum will be docketed separately.